UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

CASE NO.

JULIE SNOW, on behalf of herself
and all similarly situated persons,

      Plaintiff,

v.

HEALTH AND PALLIATIVE SERVICES
OF THE TREASURE COAST, INC.,
d/b/a TREASURE COAST HOSPICE, a
Florida corporation,

      Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff JULIE SNOW, by and through undersigned counsel, on behalf of herself and all other current and former employees similarly situated, sues Defendant, HEALTH AND PALLIATIVE SERVICES OF THE TREASURE COAST, INC., d/b/a TREASURE COAST HOSPICE, and states as follows:

### Introduction

1. This is a Complaint pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) for unpaid overtime wages, liquidated damages, attorney's fees, benefits tied to wages, and costs.

2. The Plaintiff, a former employee of the Defendant, seeks recovery of overtime pay due to her, and others similarly situated, which has remained unpaid.

## Jurisdiction and Venue

3. Jurisdiction in the Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. section 201, *et seq.* Jurisdiction is founded upon Section 216 of the FLSA.

4. Venue is proper in this district because the events giving rise to the acts alleged herein occurred within this district.

## Parties

5. Plaintiff JULIE SNOW ( "Plaintiff"), is a resident of St. Lucie County, Florida.

6. Plaintiff was employed by Defendant from July 2004 through November 2016.

7. Plaintiff was a non-exempt employee of Defendant who worked in excess of forty (40) hours during one (1) or more weeks beginning on or after more than three (3) years prior to the filing of this Complaint.

8. At all times material hereto, Plaintiff was individually engaged in commerce within the meaning of 29 U.S.C § 203(s)(1)(A).

9. The work Plaintiff performed was directly essential to the interstate business performed by the Defendant.

10. The Defendant in this action is HEALTH AND PALLIATIVE SERVICES OF THE TREASURE COAST, INC., d/b/a TREASURE COAST HOSPICE ("Defendant"), a duly organized Florida corporation licensed to conduct business in the State of Florida.

11. At all times material hereto, the Defendant employed persons who regularly were and are engaged in commerce or in the production of goods for commerce, with the Defendant having annual gross volume of sales or business done of not less than Five Hundred Thousand Dollars ($500,000.00).

12. The Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce as defined within sections 203(r) and (s)(1)(A) of the FLSA.

13. At all times material hereto, the Defendant was and is an enterprise engaged in commerce pursuant to section 203(s)(1)(B) of the FLSA in that Defendant was and is engaged in the operation of institutions primarily engaged in the care of the sick and the aged.

### Count I - Plaintiff's Individual Claim for Unpaid Overtime Wages

14. Plaintff realleges paragraphs 1 thorugh 13 as if restated herein.

15. At all times material hereto, from July 2004 through November 2016, Plaintiff was employed by Defendant.

16. Plaintiff worked as a hospice palliative care nurse since September 2012.

17. At all times material hereto, Defendant was an "employer" of Plaintiff as defined in 29 U.S.C. § 203(d).

18. Plaintiff was an employee of Defendant as defined in 29 U.S.C. § 203(e)(1).

19. During the three (3) years immediately preceding the filing of this Complaint, Defendant paid Plaintiff on a salary basis for each work week while she was employed.

20. Plaintiff regularly worked more than forty (40) hours per week.

21. At all times material, Plaintiff was a non-exempt employee entitled to overtime at a rate not less than one and one half times the regular hourly rate for all hours worked in excess of forty (40) hours per week.

22. Although Defendant was required to pay Plaintiff overtime at a rate not less than one and one half times the regularly hourly rate, Defendant paid Plaintiff overtime in the amount of the employee's regular rate plus approximately $2.00 per hour.

23. This practice of paying a small amount of pay in excess of the regular hourly rate instead of time and one half was applied similarly to all other employees who held positions the same or nearly identical to the position held by the Plaintiff.

24. Plaintiff was not paid the correct amount for all hours worked in excess of forty (40) hours per work week.

25. Defendant employed Plaintiff for work weeks longer than forty (40) hours.

26. Defendant willfully failed to compensate Plaintiff and others for hours worked in excess of forty (40) hours a week at the appropriate rate of pay.

27. Defendant's failure to pay overtime was contrary to the requirements of 29 U.S.C. § 207.

28. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of wages for overtime worked for which she was underpaid.

29. Defendant acted willfully in failing to pay Plaintiff the correct amount of overtime compensation as required by the FLSA and thus, Plaintiff seeks unpaid overtime compensation for the three (3) years immediately preceding the filing of this Complaint.

30. Plaintiff has retained the services of the undersigned counsel and is obliged to pay the firm a reasonable attorney's fee and costs incurred in this action.

31. Plaintiff is entitled to an award of attorney fees pursuant to 29 U.S.C. § 216 (b).

32. Plaintiff seeks recovery of full payment of wages for all time worked including payment for unpaid overtime as provided in the FLSA for the three (3) years preceding the filing of this Complaint, an equal amount in liquidated damages, payment of any benefits tied to her unpaid wages earned, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff JULIE SNOW demands judgment against Defendant HEALTH AND PALLIATIVE SERVICES OF THE TREASURE COAST, INC., d/b/a TREASURE COAST HOSPICE:

    a.    In an amount equal to her uncompensated overtime pay for all overtime worked within the three years of the filing of this complaint;

    b.    Including an equal amount of liquidated damages;

    c.    Including any benefits tied to her unpaid wages;

    d.    Plus payment of all costs and attorney's fees reasonably expended in the prosecution of this matter; and

    e.    Granting such other and further relief as this Court deems just and proper.

### Count II - Collective Action Allegations
### Claim for Unpaid Overtime and Other Relief

33.    Plaintiff incorporates and re-alleges paragraphs 1 through 13 as if restated herein.

34.    Plaintiff brings this action on behalf of herself and other similarly situated current and former employees of Defendant, for unpaid overtime compensation and other relief pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff on behalf of herself and the class she seeks to represent.

35.    The FLSA requires covered employers such as Defendant to compensate all non-exempt employees at a rate of not less than one and one half the regular rate of pay for work performed in excess of forty (40) hours in a work week.

36.    Plaintiff and the class she seeks to represent were and are paid on a salary basis but were not and are not exempt from the right to receive overtime pay under the FLSA.

37.    Plaintiff and the class she seeks to represent allege violations on behalf of all persons who were employed by Defendant during the applicable statute of limitations or who are

currently employed by the Defendant, who have not been compensated at one and one half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

38. Plaintiff and the class she seeks to represent are similarly situated because they are all subject to Defendant's common pay practices regarding overtime pay.

39. The class of employees Plaintiff seeks to represent all suffer from the same application of Defendant's pay practices in that Defendant failed to pay one and one half time the regular rate of pay for all hours worked over forty (40).

40. Defendant willfully failed to compensate putative class members for hours worked in excess of forty (40) hours a week at the appropriate rate of pay.

41. As a direct and proximate result of Defendant's intentional and willful disregard for the FLSA, all similarly situated employees are entitled to unpaid overtime wages for the three (3) years immediately preceding the filing of this Complaint.

42. Any current or former employee of Defendant who consents to join in this action as a plaintiff is entitled to recover unpaid overtime for the three (3) years preceding the filing of this Complaint, an equal amount in liquidated damages, any benefits tied to unpaid wages earned, and reasonable attorney's fees and costs.

43. Plaintiff will fairly and adequately represent and protect the interest of collective action members.

44. The names and addresses of the putative class members are in the sole care, custody, and control of the Defendant.

45. To the extent required, notice will be provided to putative plaintiffs via first class mail and any reasonable manner prescribed by the Court once the address information is provided by the Defendant.

46. Plaintiff seeks a determination this action should proceed as a collective action on behalf of the putative class pursuant to the Fair Labor Standards Act.

47. Plaintiff seeks a determination that she be designated as the representative of the putative class.

48. Plaintiff seeks permission for the Court to allow issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b) and equitable tolling of the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C § 216(b).

49. Plaintiff, on behalf of herself and the class she seeks to represent, requests recovery of attorney's fees and costs associated with this cause as provided in 29 U.S.C. § 216(b).

50. The Defendant continues to fail to abide by the statutes and regulations which control and regulate the payment of overtime to the employees of Defendant.

51. Plaintiff, on behalf of the putatuve class, seeks injunctive relief enjoining and preventing Defendant from further violations of the FLSA.

WHEREFORE, Plaintiff JULIE SNOW, on behalf of the putative class, demands judgment against Defendant HEALTH AND PALLIATIVE SERVICES OF THE TREASURE COAST, INC., d/b/a TREASURE COAST HOSPICE as follows:

　　a.　In an amount equal to the uncompensated overtime pay for all overtime worked by putative class members within the three years of the filing of this complaint;

　　b.　Including an equal amount of liquidated damages;

　　c.　Including any benefits tied to each individual's unpaid wages;

    d.       Plus payment of all costs and attorney fees reasonably expended in the prosecution of this matter;

    e.       Plus injunctive relief enjoining and preventing Defendant from further violations of the FLSA; and

    f.       Granting such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff JULIE SNOW, on behalf of herself and all others similarly situated, hereby demands a trial by jury.

Dated: May 26, 2017

                      Respectfully submitted,

                      /s/ *Mark A. Cullen*
                      _____
                      Mark A. Cullen, Esq.
                      Florida Bar No. 325082
                      The Cullen Law Firm, P.A.
                      *Attorney for Plaintiff*
                      Clearlake Plaza
                      500 S. Australian Avenue, Suite 543
                      West Palm Beach, FL  33401
                      Telephone:  561.640.9191
                      Facsimile:  561.214.4021
                      E-mail:  mailbox@cullenlawfirm.net